# Exhibit C

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of Orthogen International GmbH )<br>*Plaintiff* )<br>v. )<br>for an order pursuant to 28 U.S.C. § 1782 to conduct )<br>discovery for use in a foreign proceeding )<br>*Defendant* ) | Civil Action No. 1:24-mc-504 |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Dr. Tomas J. Capla

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Morvillo Abramowitz Grand Iason & Anello P.C.<br>565 Fifth Avenue, New York, NY 10017 | Date and Time: |
|---|---|

The deposition will be recorded by this method:  Stenographer, video, and/or LiveNote means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE RIDER

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Orthogen International GmbH , who issues or requests this subpoena, are:

Christopher B. Harwood; Morvillo Abramowitz Grand Iason & Anello P.C., 565 Fifth Avenue, New York, NY 10017
charwood@maglaw.com; 212-880-9547

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), Orthogen International GmbH, by and through its undersigned counsel, hereby demands that Tomas Capla produce all of the Documents described herein (the "Requests"), for inspection and copying, at the offices of Morvillo Abramowitz Grand Iason & Anello P.C., 565 5th Avenue, New York, New York 10017 (Attn: Christopher Harwood, esq.), on or before _____, 202_ at 9:30 AM.

## DEFINITIONS

1. "You" and "Your" means Tomas Capla, including all agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on his behalf.

2. "Dr. Schottenstein" means Dr. Douglas S. Schottenstein, including all agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on his behalf.

3. "Edward Capla" means Edward Capla, including all agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on his behalf.

4. "Yolanda Capla" means Yolanda Capla, including all agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on her behalf.

5. "Judith Capla" means Judith Capla, including all agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on her behalf.

6. "Dr. Neely" means Dr. Michael J. Neely, including all agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on his behalf.

7. "Orthogen" means Orthogen International GmbH, its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, its current or former partners, shareholders, directors, employees, officers, agents, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

8. "Regenokine Program" means the regenerative medicinal therapy patented by Orthogen and licensed to Edward Capla and Dr. Schottenstein.

9. "Regenokine Program Patient Treatments" means and includes each of the treatments or other services provided to patients in connection with or otherwise relating to the Regenokine Program.

10. "Person" refers to either a natural person or an entity.

11. "Document(s)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, such as papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase

orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreements, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for quotation, press releases, schedules, maps, drawings, designs diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical, electronic or electrical recording device, data compilations from which information can be obtained or translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, in any tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation, including printed copy and electronic.

## **INSTRUCTIONS**

1. You are required to produce all Documents that are responsive to the Requests herein and that are available to You, including Documents that are in Your actual or constructive possession, custody or control. Without limiting the term "control," a Document is deemed to be within Your actual or constructive control if You have ownership, possession, or custody of the Document, or a right (other than the right of any member of the public) to obtain the Document or a copy thereof from another person (whether individual or entity) having actual possession thereof.

2. All responsive Documents must be produced, regardless of whether they are in draft or final form and regardless of whether they are originals or copies. Each draft or copy

of a Document which is different in any way from the original or from other copies (whether due to edits, notes, comments, interlineation, post-its, labels, "receipt" stamps, or other markings of any sort, additional or different attachments, exhibits, or otherwise) is a separate Document that must be produced.  Documents are to be produced in their full and unredacted form (except as necessary to protect privilege) and as they are kept in the ordinary course of business or as You currently maintain them.  Documents or pages that are physically attached to one another shall be considered a single Document for purposes of these Requests and shall be produced in that form.  Documents that are categorized or identified by file labels, dividers, tabs or any other method shall be produced along with such labels, dividers, tabs or other method that preserves such categorization.  Documents shall be produced in the order in which they are maintained or categorized by Request.

3. If any portion of any Document is responsive, the entire Document shall be produced.  If only a part of a Document is protected by reason of any privilege or immunity, only the privileged matter shall be redacted; the remainder of the Document shall be produced.

4. If You object to any Request or any part thereof and refuse to respond to that Request or that part, identify the Request or part to which You are objecting, state with specificity all grounds for Your objection, and respond to any portion of the Request to which You are not objecting.

5. If no Documents responsive to a Request exist, state so in writing in Your response to the Request.

6. These Requests call for production of all Documents in a searchable, electronic format.  Electronically stored information ("ESI") responsive to the requests should be

produced in a form compatible with Concordance and Relativity. Documents should be endorsed with unique production numbers and produced as single page 300x300 Group IV .tiff image files, extracted full text and/or OCR text in the format of document level .txt files (extracted text and/or OCR text shall not be embedded in the .dat file), extracted metadata in a delimited text file (.dat file), and an image load file indicating document breaks in the format of an .opt file. Bates numbers should not contain spaces. All document family relationships shall be produced together, and children files should follow parent files in sequential Bates number order. Spreadsheets, media files, and any other non-printable files should be produced with a Bates-stamped single-page TIFF placeholder along with the native format version of each file in the manner in which it is ordinarily maintained. Documents maintained in paper form should be scanned to .tiff and OCR'd and produced as a single page .tiffs with Concordance load files indicating document breaks and document level OCR files in .txt format. The information requested should be produced on CD, DVD, or hard drive or uploaded to secure FTP sites.

7. If any Document, or portion thereof, is not produced under a claim of privilege, immunity, or otherwise, as to each such Document or redacted portion, You must state:

    a. the type of Document (*e.g.*, "email");

    b. the date of the Document, its author, and each addressee;

    c. each person to whom copies of the Document were furnished or to whom the contents thereof were communicated, including all recipients of carbon or blind copies;

    d. where not apparent, the relationship of the author, addressee(s), and recipient(s); and

  e. the privilege, immunity, or other reason for non-disclosure claimed and the basis upon which the asserted privilege, immunity, or other reason for non-disclosure is claimed.

8. Unless otherwise stated, the relevant time period for the Requests is from May 24, 2011 through and including the present. All responsive Documents dated, created, modified, received, used, reviewed, or sent during this time period must be produced, as well as responsive Documents referring to events during this time period, regardless of their date.

9. These Requests are continuing in nature. If, after responding to these Requests, You obtain or become aware of any additional Documents responsive to any of these Requests, You are required to furnish a supplemental response when You become aware of any such additional Documents.

10. In construing these Requests, the use of a verb in any tense shall be interpreted as the use of that verb in all other tenses in order to obtain the broadest possible meaning.

11. In construing these Requests, the singular form of a word shall be interpreted to include the plural and vice versa, to obtain the broadest possible meaning.

12. The terms "all," "any," and "each" shall be construed as encompassing any and all.

13. The words "and" and "or," as used herein, are terms of inclusion and not exclusion, and shall be read disjunctively or conjunctively, as necessary to obtain the broadest possible meaning.

## DOCUMENTS TO BE PRODUCED

1. All Documents and communications concerning:

  a. Regenokine Program Patient Treatments;

b. any payments made to, or due or otherwise owing or allocated to, the following Persons in connection with the Regenokine Program: Edward Capla, Yolanda Capla, any other member of Edward Capla's family, including but not limited to You and Judith Capla; Dr. Schottenstein; Dr. Neely; and any other Person (individual or entity) besides Orthogen, including without limitation Molecular Cell or MJN Medical;

c. any payments made to, or due or otherwise owing or allocated to, Orthogen in connection with the Regenokine Program;

d. any invoices to Regenokine Program patients;

e. any ledgers, reports, or other Documents reflecting or otherwise concerning Regenokine Program patients, Regenokine Program Patient Treatments, and/or any amounts invoiced to or paid by Regenokine Program patients; and

f. any representations made to Orthogen or any other Person concerning Regenokine Program Patient Treatments and/or any amounts invoiced to or paid by Regenokine Program patients.