**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

*In re application of Orthogen International GmbH,*                    Case No.: 1:24-mc-00504

                                        *Petitioner,*


*for an order pursuant to 28 U.S.C. § 1782 to conduct*
*discovery for use in a foreign proceeding.*
-------------------------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF DR. JUDITH CAPLA AND DR. TOMAS CAPLA'S CROSS-MOTION TO QUASH SUBPOENA

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel. No.: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Dr. Judith Capla and Dr.*
*Tomas Capla*

Dated:   New York, New York
         August 13, 2025

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..................................................................................................**ii**

**PRELIMINARY STATEMENT** ..........................................................................................**1**

**LEGAL ARGUMENT** ...........................................................................................................**1**

    I.    The Subpoenas Should be Quashed Under Fed.R.Civ.P. 27 ............................................ 1

    II.   The Subpoenas Should be Quashed Under Fed.R.Civ.P. 26 ........................................... 3

    III.  Orthogen's Breach of Contract and Fraud Claims are Clearly Time-Barred ................... 4

    IV.  Enforcement of the Subpoenas Should be Stayed Pending the Appeal, in Germany ......... 5

    V.   Orthogen's Duplicative Lawsuits Violate the Claims Splitting Doctrine .......................... 6

**CONCLUSION** .....................................................................................................................**6**

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*ACE Am. Ins. Co. v. Keiicmiro*,
    2008 WL 2264241 (D. Ariz. 2008) ................................................................................ 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 4

*Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*,
    2015 WL 3644075 (S.D.N.Y. 2015) ............................................................................. 3

*Chuan Wang v. Palmisano*,
    2013 WL 12318324 (S.D.N.Y. 2013) ........................................................................... 6

*In re Allegretti*,
    229 F.R.D. 93(S.D.N.Y. 2005) ..................................................................................... 2

*Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.*,
    722 F.3d 88 (2d Cir.2013) ............................................................................................ 6

*Melohn v. Stern*,
    2021 WL 1178132 (S.D.N.Y. 2021) ............................................................................. 3

*Phoenix Light SF Ltd. v Wells Fargo Bank, N.A.*,
    2021 WL 7082193 (S.D.N.Y. 2021) ......................................................................... 4, 5

*Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*,
    466 F.3d 88 (2d Cir. 2006) ........................................................................................... 5

**<u>Statutes</u>**

Fed.R.Civ.P. 26(b)(1) ........................................................................................................ 3

Fed.R.Civ.P. 27(a)(1). ...................................................................................................... 2

**<u>Other Authorities</u>**

Black's Law Dictionary (12th ed. 2024) ........................................................................... 4

Dr. Judith Capla, and  Dr. Tomas Capla (together, the "Caplas"), by and through the undersigned counsel, respectfully submit this Memorandum of Law, in support of the Caplas' Cross Motion to Quash (the "Motion to Quash") the subpoena duces tecum (the "Subpoenas") issued by Petitioner Orthogen International GmbH (the "Petitioner", or "Orthogen"), pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 27 and 45, and as grounds thereto, respectfully states as follows:

## PRELIMINARY STATEMENT

Orthogen's Subpoenas are substantively and technically deficient for five (5) separate and independent reasons.  First, a legion of case law under Fed.R.Civ.P. 27 warrants quashing the Subpoenas because Orthogen's requests amount to an impermissible fishing expedition. Second, Orthogen concedes that it seeks pre-suit discovery in aid of a "contemplated" German action it has not filed in over two (2) years, despite repeated representations that such filing was imminent. With no filed complaint in Germany, Orthogen has no "claim" or "case" to support the relevance or proportionality demanded by Fed.R.Civ.P. 26 and 27. Third, even if Orthogen has filed a complaint in Germany (it has not), any contemplated claims for fraud or breach of contract would be completely time-barred under controlling German law. Fourth, principles of international comity strongly favor a stay given that a German court has already denied Orthogen substantially the same discovery it seeks here, and its appeal of that decision is pending. For these reasons, it is respectfully submitted that the Subpoenas should be quashed, or at minimum, stayed pending the German appellate court's determination.

## LEGAL ARGUMENT

### I.    The Subpoenas Should be Quashed Under Fed.R.Civ.P. 27

Fed.R.Civ.P.  27 permits a party to seek an order from the court to take a deposition of "any expected adverse party." Fed.R.Civ.P. 27(a)(1). Under Fed.R.Civ.P. 27, a petitioner must

make a verified application to the court, in the district of the residence of any expected adverse

party, verifying the following:

1. The petitioner expects to bring a cause of action, but is presently unable to bring it;

2. The substance of the expected action and the petitioner's connection to it;

3. The facts the deposition is expected to establish and the reasons for wanting perpetuation;

4. The names and addresses of expected adverse parties; and

5. The names and addresses of those to be deposed, as well as the substance of the expected testimony.

Fed.R.Civ.P. 27(a)(1).

Case law is legion that the primary purpose for taking discovery pursuant to Fed.R.Civ.P. 27 is to perpetuate testimony, not to conduct a pre-filing investigation. *In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005). The plain language and vast majority of case law applying Rule 27 limits the use of Rule 27 to preservation of testimony. *Id.* Most courts, therefore, have not permitted Rule 27 to be used merely to discover facts and witnesses in order to draft a complaint or evaluate the merits of the case. *Id.*

In the instant case, Orthogen fails to satisfy its heavy burden under Fed.R.Civ.P. 27 to conduct pre-suit discovery. First, there is no declaration supporting the Petition here by a person with knowledge. There are two (2) declarations by two (2) lawyers with no personal knowledge of the allegations in the Petition. Second, the Petition makes no attempt at specifying the substance of the testimony it wishes to perpetuate. Orthogen's bald assertions[1] undergirding its "contemplated" German action fall short of the showing required. *See Melohn v. Stern,* 2021 WL

---

[1] *To wit,* that: "Orthogen decided that it would file a lawsuit against Dr. Schottenstein and Mr. Capla in Germany (*i.e.*, the Contemplated German Proceeding) in which it plans to assert claims for breach of contract and fraud." [Dckt. No. 10 at p. 3].

1178132, *4 (S.D.N.Y. 2021). Third, Orthogen has not, and cannot, "establish in good faith that [it] expect[s] to bring an action cognizable in federal court, but [is] presently unable to bring it or cause it to be brought." *Bryant v. Am. Fed'n of Musicians of the U.S. & Canada*, 2015 WL 3644075, *5 (S.D.N.Y. 2015). This element requires that Orthogen:

> "show a present inability to bring the action in any court, state or federal, anywhere in the United States. A petitioner does not demonstrate inability to presently file suit under Rule 27(a) by showing only that suit cannot then be filed in the district of petitioner's choice or against all desired defendants. The rule insists on necessity and is not met by convenience or tactical preferences. There must be a true inability to bring any action at the time the petition is presented."

*Melohn*, 2021 WL 1178132, *5 (internal quotations omitted) (emphasis added). Orthogen makes no showing as to why a complaint cannot be filed in Germany, and thus, cannot satisfy the showing required under Rule 27. Assuming, *arguendo*, that Orthogen: (i) has submitted a proper verified petition, with supporting declarations with persons with knowledge; (ii) specified the substance of the testimony it wishes to perpetuate; (iii) establish a present inability to bring the action (which it did not), Orthogen's petition still fails to "make a particularized showing that intervention prior to commencement of an action is necessary to preserve the subject evidence,' and that 'time is of the essence,'" *Id.* at *6 (quoting *Bryant*, 666 F. App'x at 16) . Put differently, Orthogen has not demonstrated a 'sufficient risk that the testimony and other materials would be lost absent Rule 27 discovery.'" *Id.*

## II.    The Subpoenas Should be Quashed Under Fed.R.Civ.P. 26

Rule 26(b)(1) provides that:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery **regarding** any nonprivileged matter that is relevant to any party's **claim** or defense and proportional to the needs of the **case**…"

Fed.R.Civ.P. 26(b)(1) (emphasis added). Black's Law Dictionary defines a "claim", as "[t]he assertion of an existing right; any right to payment or to an equitable remedy, even if contingent

or provisional." (Black's Law Dictionary (12th ed. 2024)) . To that end, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79(2009). Black's Law Dictionary defines a "case", as "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity." (Black's Law Dictionary (12th ed. 2024)). There is certainly not a "claim" or a "case" under federal law, where, as here, Orthogen is seeking pre-suit discovery in aid of a "contemplated" German action it has not filed in over two (2) years, despite repeated representations that such filing was imminent. In the absence of a "claim" and "case", there is no basis upon which to determine whether the information is relevant or proportional to the needs of the case. *See ACE Am. Ins. Co. v. Keiicmiro*, 2008 WL 2264241, *1 (D. Ariz. 2008) ("The Court is unaware of any authority that would permit it to order prelitigation discovery other than in relation to issues of jurisdiction and venue, including jurisdiction over the person and the legal sufficiency of service of process.")

### III.   Orthogen's Breach of Contract and Fraud Claims are Clearly Time-Barred

Under Section 195 BGB (Civil Code – *Bürgerliches Gesetzbuch*, BGB ): "The standard limitation period is three years. *Phoenix Light SF Ltd. v Wells Fargo Bank, N.A.*, 2021 WL 7082193, at *23 (S.D.N.Y. 2021), *report and recommendation adopted in part, rejected in part*, 2022 WL 2702616 (S.D.N.Y. 2022), *affd sub nom. Commerzbank AG v Wells Fargo Bank, N.A.*, 2024 WL 4554081 (2d Cir 2024). "This is the applicable statue of limitations period for claim for breach of contract and for civil fraud." *Id.* Orthogen asserts in its Petition that it is contemplating alleging in a *Klage* claims for breach of contract and fraud, at an unspecified date, in the future. [*See* Dckt. No. 10 at p. 1].

Orthogen alleges that it will allege claims for damages for the years 2011 through 2020. [*Id.* at p. 10]. But any such claims would be time-barred barred pursuant to §§ 199 (1), 195 BGB. *Phoenix Light SF Ltd.*, 2021 WL 7082193 at *23. For example, a breach or civil fraud claim arising in 2015 would trigger a three-year limitations period beginning January 1, 2016, and ending December 31, 2018. *Id.* . Likewise, a claim arising in 2019 would be subject to a three-year limitations period running from January 1, 2020, to December 31, 2022. *Id*.

In short, all of claims that Orthogen alleges that it is going to allege are barred by the applicable statute of limitations. Thus, none of the discovery sought is relevant and proportional as the hypothetical claims would be in actuality stale and long since lapsed.

### IV. Enforcement of the Subpoenas Should be Stayed Pending the Appeal, in Germany

According to filings made in a parallel proceeding before this Court, captioned *In Re: Orthogen International GmbH*, (Case No.: 1:23-mc-00152-VSB-KHP), on December 21, 2021, Orthogen commenced an action in Dusseldorf, Germany seeking to enforce a cease-and-desist letter concerning Schottenstein's use of the Regenokine process after Orthogen wrongfully terminated the 2014 License Agreement ("First Dusseldorf Action"). *See id.* at Dckt. No. 52-5.

This Court should stay enforcement of the subpoenas on grounds of international comity during the pendency of the appeal of the First Dusseldorf Action. *See*, *e.g.*, *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (explicating the law in plenary cases). A German court has held that Orthogen is not entitled to substantially the same discovery it seeks in the United States to use in Germany. Comity is directly undermined by allowing Orthogen to take American-style discovery when a German court has said it is entitled to none.

### V. Orthogen's Duplicative Lawsuits Violate the Claims Splitting Doctrine

Most problematic, however, is that this action blatantly violates the claim-splitting doctrine. The claim splitting doctrine allows district courts to "manage their docket and dispense with duplicative litigation" by dismissing the later of two actions when a plaintiff had previously filed related claims that were pending against the same defendants. *Kanciper v. Suffolk Cnty. Soc. for the Prevention of Cruelty to Animals, Inc.*, 722 F.3d 88, 92 (2d Cir.2013) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1218–19 [10th Cir.2011]). 7]).The rule forbidding claim splitting requires a plaintiff to combine all legal theories arising out of a transaction or series of connected transactions where the several theories are dependent on the same evidence." *Chuan Wang v. Palmisano*, 2013 WL 12318324 (S.D.N.Y. 2013) (citing *Fernandes v. Quarry Hills Associates, L.P*, 2010 WL 5439785 (D. Mass. 2010) (District Court precluded Plaintiffs from filing FLSA claims that could have been filed as part of an earlier state court action for unpaid overtime).

Orthogen is already pursuing substantially identical relief in a pending matter before this Court. *See In Re: Orthogen International GmbH*, Case No. 1:23-mc-00152-VSB-KHP. This is not Orthogen's only bite at the apple – it is a coordinated attempt to relitigate the same discovery in multiple proceedings, inviting conflicting determinations and burdening both the Court and the parties with duplicative litigation.

### <u>CONCLUSION</u>

For the reasons stated above, the Caplas' Cross-Motion to Quash should be granted, and the Court should respectfully enter an Order quashing Orthogen's Subpoenas, together with any further relief this Court may deem just and proper.

Dated: New York, New York
August 13, 2025

Respectfully Submitted,

LEVIN EPSTEIN & ASSOCIATES, P.C.

/s Joshua Levin-Epstein, Esq.
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2458
New York, NY 10170
Tel No.: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for Dr. Judith Capla and Dr. Tomas Capla*

I hereby certify that the foregoing Memorandum of Law was prepared on a computer using Microsoft Word and the total number of words, inclusive of point headings is approximately 2,266 words.

Name of Typeface: Times New Roman
Point Size: 12
Line Spacing: Double